**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher Edward PERSALL,**
**a/k/a Christopher Persall,**
**Defendant–Appellant.**

**No. 05–12602**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 13, 2006.

Michael Boysie Billingsley, US Attorney's Office, Birmingham, AL, for Plaintiff–Appellee.

John M. Wood, Bogga, Wood & Associates, LLP, Birmingham, AL, for Defendant–Appellant.

Before ANDERSON, BIRCH and HILL, Circuit Judges.

PER CURIAM:

Christopher Edward Persall appeals his seventy (70) month sentence for possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), receipt of child pornography, 18 U.S.C. § 2252A(a)(2)(A), and possession of child pornography under Section 2252A(a)(5)(B)(as amended).[1] The sole issue raised on appeal by Persall is a *Booker* issue, i.e., that the district court erred by enhancing his sentence in excess of the guidelines range for his crime by

1. Although counts one and two addressed the same crime under Section 2252A(a)(5)(B), Persall's possession occurred both before and after a statutory amendment that lengthened the maximum statutory penalty for the crime.

using facts not admitted to by him and not found by a jury. *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

This issue is entirely without merit as Persall was sentenced on April 21, 2005, under the post-*Booker* advisory guidelines and not the pre-*Booker* mandatory guidelines system.[2] After *Booker*, "the use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional." *United States v. Chau*, 426 F.3d 1318, 1323 (11th Cir.2005).

Therefore, Persall's argument fails under the precedent of this circuit. *See also United States v. Winingear*, 422 F.3d 1241, 1244 (11th Cir.2005); *United States v. Duncan*, 400 F.3d 1297, 1304–05 (11th Cir.2005). Finding no error, the sentencing judgment of the district court as to Persall is affirmed.

AFFIRMED.

2. In sentencing him, the district court expressly stated that sentence was imposed under the Sentencing Reform Act of 1984, as modified by the Supreme Court decision in *Booker*. R6–16.